In the Matter of GERALD J. FENCLAU, Petitioner, v. WILLIAM E. KIRWAN, JR., as Superintendent of the New York State Police, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review and annul a determination of the respondent Superintendent of State Police which found petitioner had not properly carried out his responsibility for the custody of a person under arrest. The petitioner was accused of two charges. The first charge was premised upon his alleged failure to be responsible for the proper safeguarding of a person. To this charge he was found guilty. The second charge contained three specifications and he was found not guilty. The first charge set forth in substance that on October 12, 1971 petitioner was the desk officer at the New York State Police station at Clarence, New York. During such duty, Trooper Mohn arrived at the station with two persons under arrest and in his custody. Trooper Mohn and an Investigator Fechter processed the prisoners and eventually petitioner discovered or observed both prisoners sitting in his office or desk area. While the petitioner was engaged with a telephone conversation and attempting to carry out his duties as desk officer, he observed one of the prisoners proceeding down a hallway in the general direction of the rest room and Investigator Fechter's office. About a minute later the petitioner investigated and discovered that the prisoner had absconded and escaped custody. It does not appear that either Mohn or Fechter specifically advised petitioner that the prisoners were then in his "custody", however, the petitioner in a prehearing affidavit and at the hearing acknowledged that he knew they were prisoners and that he was the only officer in the office at the time. The record establishes without dispute that on the evening in question the duties of desk officer being performed by the petitioner were multitudinous and that the telephone would ring persistently and other administrative duties were keeping him quite busy. It is notable that the record contains a memorandum from a lieutenant to all personnel reciting that there was no apparent reason why telephone calls should not be answered promptly by the desk officer and instructing other officers to assist with answering the telephone when such was

possible. The record establishes that, as a result of an error in judgment, the petitioner inadvertently violated a rule which would have required his giving priority to making sure that the prisoners did not escape. It is to be noted that the petitioner had no reason to believe that the prisoners seated in his area were guilty of any violent or heinous crimes. The determination of the respondent in regard to the violation of the rule does not appear to be arbitrary and capricious. albeit there were substantial mitigating circumstances. The petition alleges that the "sentencing" for a suspension of five working days was an abuse of discretion and excessive. The punishment imposed seems trivial at first glance but the consequences are many resulting in loss of seniority, loss of pension status, a broken service record and other less serious results. The record contains a memorandum issued by the station sergeant subsequent to the escape (October 22, 1971) which specifically provided that the officer in charge of the desk is not to be custodian of prisoners because "While performing his duties, the desk-man cannot guarantee proper safe guarding and custody of a prisoner." Upon this record, the suspension of duty with loss of pay for what was at most a technical violation, as it arose out of the immediate conflict of the entire duties assigned to the petitioner at the time in question, was excessive, particularly in view of the observation of the Deputy Superintendent that Trooper Fenclau had an "excellent background and a well-established excellent record with the Division". Determination modified by reducing the penalty to a reprimand, and, as so modified, confirmed, without costs. Herlihy, P. J., Staley, Jr., Greenblott, Main and Reynolds, JJ., concur.